**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 23-4278**

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

PATRICK HILKAH MCMANUS,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Kenneth D. Bell, District Judge.  (3:22-cr-00077-KDB-DCK-1)

_____

Submitted:  May 28, 2025                          Decided:  July 10, 2025

_____

Before GREGORY, WYNN, and QUATTLEBAUM, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:**  John G. Baker, Federal Public Defender, Melissa S. Baldwin, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Asheville, North Carolina, for Appellant.  Dena J. King, United States Attorney, Amy E. Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Patrick Hilkah McManus appeals the 96-month sentence imposed following his guilty plea to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2).[1]  On appeal, McManus argues that the district court erred by imposing a sentencing enhancement under U.S. Sentencing Guidelines Manual § 2K2.1(b)(6)(B) (2021).  He also contends that the district court failed to address his nonfrivolous argument that his rehabilitative efforts while in custody warranted a lower sentence.  We affirm.

"We review a district court's sentencing decisions under a deferential abuse-of-discretion standard."  *United States v. McCabe*, 103 F.4th 259, 285 (4th Cir.) (internal quotation marks omitted), *cert. denied*, 145 S. Ct. 399 (2024).  But "[w]hen considering a challenge to a district court's application of the Guidelines, [we] review[] factual findings for clear error and legal conclusions de novo."  *United States v. Freitekh*, 114 F.4th 292, 317 (4th Cir. 2024) (internal quotation marks omitted).  "Under the clear error standard, we will only reverse if left with the definite and firm conviction that a mistake has been committed."  *United States v. Claybrooks*, 90 F.4th 248, 253 (4th Cir. 2024) (internal quotation marks omitted).  "In other words, if the district court's account of the evidence

---

[1] Section 924(a)(2) was amended and no longer provides the penalty for § 922(g) convictions.  *See* Bipartisan Safer Communities Act, Pub. L. No. 117-159, § 12004(c), 136 Stat. 1313, 1329 (2022).  The new penalty provision does not apply in this case because McManus committed his offense before the June 25, 2022, amendment to the statute.

is plausible in light of the record viewed in its entirety, [we] may not reverse it." *United States v. Barnett*, 48 F.4th 216, 220 (4th Cir. 2022) (cleaned up).

Under USSG § 2K2.1(b)(6)(B), a defendant is subject to a four-level enhancement if he "used or possessed any firearm . . . in connection with another felony offense." "The purpose of this enhancement is to ensure that a defendant receives more severe punishment if, in addition to committing a firearms offense within the scope of [USSG] § 2K2.1, he commits a separate felony offense that is rendered more dangerous by the presence of a firearm." *United States v. McDonald*, 28 F.4th 553, 569 (4th Cir. 2022) (cleaned up). "[T]his standard is not especially burdensome: We will find it satisfied when a firearm has some purpose or effect with respect to the other offense, including cases where a firearm is present for protection or to embolden the actor." *Id.* (internal quotation marks omitted).

The Government bears the burden of proving, by a preponderance of the evidence, that a defendant possessed a firearm in connection with another felony offense. *See United States v. Kobito*, 994 F.3d 696, 701 (4th Cir. 2021). "This burden simply requires the trier of fact to believe that the existence of a fact is more probable than its nonexistence." *United States v. Patterson*, 957 F.3d 426, 435 (4th Cir. 2020) (internal quotation marks omitted). A district court's case-specific determination that a defendant possessed a firearm in connection with another offense is a factual determination that we review for clear error. *United States v. Pettus*, 90 F.4th 282, 287 (4th Cir. 2024).

Here, the district court imposed the USSG § 2K2.1(b)(6) enhancement after finding that McManus possessed the firearm in connection with the North Carolina offense of robbery with a deadly weapon. In making this finding, the district court relied on a police

3

report and the testimony of an officer who reviewed relevant surveillance footage and other investigative materials. Based on our review of this evidence, we conclude that the district court plausibly found that McManus brandished the firearm during a robbery that occurred approximately 15 hours before he was found in possession of the firearm.

McManus resists this conclusion, arguing that the evidence was uncorroborated hearsay and thus insufficient to establish that he participated in the robbery. However, "[i]t is well established that a court may, for purposes of sentencing, consider any relevant information before it, including uncorroborated hearsay, provided that the information has sufficient indicia of reliability to support its accuracy." *United States v. Mondragon*, 860 F.3d 227, 233 (4th Cir. 2017) (internal quotation marks omitted). The hearsay evidence at issue here had multiple indicia of reliability. For instance, the robbery victim's identification of McManus in a photo array was corroborated by both the police report's author and the testifying officer, each of whom identified McManus in surveillance footage from the scene of the robbery. We therefore conclude that the district court did not clearly err in finding that McManus possessed the firearm in connection with robbery.[2]

McManus next argues that the district court imposed an unreasonable sentence by failing to address his argument that his rehabilitative efforts warranted a lower sentence. "A district court is required to provide an individualized assessment based on the facts

---

[2] The district court alternatively found that McManus possessed the firearm in connection with the North Carolina felony of speeding to elude arrest. Because the district court did not err in applying the USSG § 2K2.1(b)(6) enhancement on the ground that McManus possessed the firearm in connection with armed robbery, we need not address its alternative basis for applying the enhancement. *See Pettus*, 90 F.4th at 287.

before the court, and to explain adequately the sentence imposed to allow for meaningful appellate review and to promote the perception of fair sentencing." *United States v. Lewis*, 958 F.3d 240, 243 (4th Cir. 2020) (internal quotation marks omitted). "As part of this individualized assessment, the district court must address or consider all non-frivolous reasons presented for imposing a different sentence and explain why it has rejected those arguments." *United States v. Fowler*, 58 F.4th 142, 153 (4th Cir. 2023) (cleaned up). However, the district court "need not spell out [its] responses to [the] defendant['s] arguments" if the context surrounding the court's explanation "make[s] it patently obvious that the district court found the defendant's arguments to be unpersuasive." *United States v. Lozano*, 962 F.3d 773, 782 (4th Cir. 2020) (cleaned up). Moreover, provided that the "district court addresses a defendant's central thesis, it need not address separately every specific claim made in support." *United States v. Powers*, 40 F.4th 129, 137 (4th Cir. 2022) (cleaned up).

The context of the district court's explanation made clear that it considered and rejected McManus's assertion that his rehabilitation warranted a sentence at the low end of the Sentencing Guidelines range. The district court explicitly addressed McManus's remaining arguments, finding that his mental health issues and drug use did not excuse his offense conduct and that his criminal history category understated, rather than overstated, his criminal history. The district court also found that McManus's recidivism, violent criminal history, and reckless offense conduct suggested that he posed a threat to the public and justified a sentence of 96 months' imprisonment. Thus, the district court thoroughly addressed and rejected the central thesis that connected each of McManus's arguments—

5

namely, that his circumstances mitigated the seriousness of his offense conduct and criminal history. Accordingly, we conclude that the district court adequately addressed McManus's rehabilitation argument.

We therefore affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*